**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FAVIAN GARCIA VASQUEZ,<br><br>                    Petitioner,<br><br>     v.<br><br>SECRETARY OF HOMELAND<br>SECURITY, et al.,<br><br>                    Respondents. | Case No.  EDCV 26-1958-PVC<br><br>**MEMORANDUM DECISION AND ORDER ORDERING A BOND HEARING WITHIN SEVEN DAYS OR IMMEDIATE RELEASE** |

Petitioner Favian Garcia Vasquez ("Petitioner"), filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against the Secretary of Homeland Security; the Attorney General of the United States; Thomas P. Giles, the Los Angeles Field Office Director of the Bureau of Immigration and Customs Enforcement; and the Warden-Facility Administrator of the Adelanto ICE Processing Center on April 17, 2026.  (Pet., Dkt. No. 1).  The Petition states that Petitioner has been in immigration custody since January 2026.  (*Id.* at 3).[1] Petitioner is currently detained at the Adelanto ICE Processing Facility in Adelanto,

---

[1] For ease of reference, when referring to the filings, the Court uses page numbers generated by CM/ECF.  These numbers are printed in a blue ribbon at the top of each page filed on the docket.

California.  (*Id*. at 4).   Petitioner alleges that his continued detention without a bond hearing violates the Immigration and Nationality Act ("INA") (*id*. at 5–7); the Fourth Amendment (*id*. at 7–8); the Administrative Procedure Act (*id*. at 8); the Fifth Amendment (*id*. at 10–11); and due process (*id*. at 11-14).  The Petition seeks relief in the form of an order requiring that Respondents release Petitioner, or in the alternative, compel "individual agents" to appear and testify at depositions; making referrals for criminal prosecution; convening an evidentiary hearing; and enjoining Respondents from re-detaining Petitioner until given notice and an initial hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change.  (*Id*. at 15).

Respondents filed their Answer on April 27, 2026 ("Answer").  (Dkt. No. 9). The Answer conceded that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), *reconsideration granted in part*, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).[2]  (Dkt. No. 9 at 2.)

On May 7, 2026, Petitioner filed a Traverse, arguing that the Court should

[2] On December 18, 2025, the court in *Maldonado Bautista* entered final judgment and granted declaratory relief to all members of the Bond Eligible Class. *See Bautista v. Santacruz*, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Pursuant to the final judgment entered in *Maldonado Bautista*, "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista v. Noem*, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

order his immediate release because "a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing." (Dkt. No. 12 at 5.)

In light of Respondents' concession that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista*, Petitioner is entitled to a bond hearing.  The Petition alternatively requests that this Court hold its own evidentiary hearing. (Dkt. No. 1 at 15), and Petitioner now argues that a post-detention bond hearing is insufficient to cure the alleged due process violation (Dkt. No. 12 at 5). True, some courts have held that where a petitioner who was previously released on bond and is re-detained without a hearing, even a post-detention bond hearing is inadequate because the petitioner "will have already suffered the harm." *See, e.g.*, *Domingo v.* Kaiser, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14 2025).  But there is no evidence that Petitioner was released and re-detained.  Indeed, the Petition states that after Petitioner voluntarily departed and returned to Mexico in November 1998, he returned the same day without admission or parole and "was not encountered by authorities" (Dkt. No. 1 at 3), presumably until he was detained in January 2026 (*id.*).  Therefore, unlike the petitioner in *Domingo*, no previous determination concerning danger or flight risk had given Petitioner a substantial liberty interest in remaining out of custody.  2025 WL 1940179, at *3.

As to Petitioner's request that this Court conduct its own evidentiary hearing, immigration judges routinely hold bond hearings in the first instance, and Petitioner has not presented any persuasive argument or cited any authority in this Circuit supporting his request that the Court depart from that practice here, and the Court finds no such authority.  Therefore, the interim remedy of a bond hearing before an immigration judge is appropriate at this time.

IT IS THEREFORE ORDERED that

(1) within seven days, Respondents release Petitioner or provide him with an individualized bond hearing under 8 U.S.C. § 1226(a);

(2) Respondents file a notice of compliance advising how they complied with the this Order within seven days; and

(3) the parties file a joint status report within 14 days informing the Court of the outcome of any bond hearing, whether any issues remain, and the parties' positions on whether additional briefing is needed on any remaining issues. If so, the parties shall submit a proposed briefing schedule. If not, Petitioner shall within the same 14 days file a motion for voluntary dismissal or the parties shall submit a stipulated judgment.

DATED: June 2, 2026

_____
PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

4