**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

FAVIAN GARCIA VASQUEZ,
Petitioner,
v.
SECRETARY OF HOMELAND SECURITY, et al.,
Respondents.

Case No. EDCV 26-1958 PVC

**MEMORANDUM DECISION AND ORDER DISMISSING PETITION**

## I.

## INTRODUCTION AND PROCEDURAL HISTORY

On April 17, 2026, Petitioner Favian Garcia Vasquez ("Petitioner"), an immigrant and citizen of Mexico who had been in immigration custody since January 2026, proceeding pro se, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition") and a request for appointment of counsel. (Dkt. Nos. 1, 2).[1] The Petition challenged Petitioner's arrest and detention by

[1] For ease of reference, when citing to the filings, the Court refers to CM/ECF page numbers generated in the blue ribbon at the top of each page filed on the docket.

immigration authorities pending removal from the United States. (Dkt. No. 1).

On April 27, 2026, Respondents filed an Answer. (Dkt. No. 9). On May 7, Petitioner filed a Traverse. (Dkt. No. 12). On June 2, 2026, the Court ordered Respondents to immediately release Petitioner unless Respondents have provided Petitioner with a bond hearing. (Dkt. No. 18). On June 10, 2026, Respondents filed a Status Report and Suggestion of Mootness, informing the Court that on June 9, 2026, after a bond hearing, the Immigration Judge denied Petitioner's request for a change in custody status. (Dkt. No. 20 at 2). On June 16, 2026, the Court ordered Petitioner to show cause on or before June 23, 2026, why this case should not be dismissed as moot. (Dkt. No. 21). On July 10, 2026, Respondents filed a Notice of Intended Removal, informing the Court that they intended to remove Petitioner on July 17, 2026. (Dkt. No. 22). On July 27, 2026, Respondents filed a Status Report informing the Court that Petitioner was transported to El Paso, Texas on July 25, 2026, in preparation for his removal. (Dkt. No. 24). On July 28, 2026, the Court ordered the parties to file a joint status report. (Dkt. No. 25). On August 14, 2026, the copy of the July 28, 2026, Order (Dkt. No. 25) was returned as undeliverable with the notation, "no longer at this address." (Dkt. No. 26 at 1). On September 17, 2026, Respondents filed a Notice of Removal, informing the Court that Petitioner was removed from the United States on July 30, 2026 and suggesting that the case should be dismissed as moot. (Dkt. No. 27). On September 18, 2026, the Court ordered Petitioner to show cause why this action should not be dismissed as moot. (Dkt. No. 28). On September 28, 2026, the copy of the September 18, 2026, Order mailed to Petitioner was returned as undeliverable with the notation, "no longer at this address." (Dkt. No. 29 at 1).

For the reasons discussed below, the Court the Petition is DISMISSED for lack of jurisdiction as moot.

## II.
## LEGAL STANDARD

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party." U.S. Const. art. III, § 2. The Supreme Court has explained that the Article III case or controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them." *De Funis v. Odegaard*, 416 U.S. 312, 316 (1974) (internal quotation marks omitted). Where a federal court cannot redress the plaintiff's injury with a favorable decision, the case is considered moot and must be dismissed. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)). "Mootness is a question of law, and federal courts must consider mootness *sua sponte*." *Wallingford v. Bonta*, 82 F.4th 797, 800-01 (9th Cir. 2023) (internal quotation marks and citations omitted). If a case is moot, the court lacks subject matter jurisdiction and must dismiss the action. *See Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Mootness is jurisdictional.").

In the habeas context, a petition brought under 28 U.S.C. § 2241 must present a live controversy throughout the litigation. *See Spencer*, 523 U.S. at 7; *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). Where a petitioner challenges only the legality or duration of detention, the petition becomes moot once the petitioner is released from custody or removed, unless the petitioner demonstrates continuing "collateral consequences" that are likely to be redressed by a favorable judicial decision. *See Spencer*, 523 U.S. at 7 ("Once the convict's sentence has

expired, however, some concrete and continuing injury other than the now–ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); *Zegarra–Gomez v. I.N.S.,* 314 F.3d 1124, 1127 (9th Cir. 2003) ("We also agree that the case or controversy requirement is satisfied where the petitioner is deported, so long as he was in custody when the habeas petition was filed and continues to suffer actual collateral consequences of his removal."); *Abdala v. I.N.S.*, 488 F.3d 1061, 1064-65 (9th Cir. 2007).

**III.**

**DISCUSSION**

The instant Petition challenges Petitioner's immigration detention pending final removal and seeks an order immediately releasing him. (Dkt. No. 1 at 17). However, the record establishes that Petitioner was removed from the United States on September 7, 2026. (Dkt. No. 9 at 2). As a result, Petitioner is no longer detained by immigration authorities and is no longer subject to the detention he challenges in the Petition. Petitioner's removal cured the complained-of detention, and a favorable decision ordering Petitioner's release from immigration detention would have no practical effect. *See Abdala*, 488 F.3d at 1065 (holding that, upon petitioner's deportation, there was "no extant controversy for the district court to act upon" because the petition challenged only the length of detention and alleged no redressable collateral consequences); *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin–Peron has requested only release from custody. Because he has been released, there is no further relief we can provide.").

Moreover, there is no basis in the current record to suggest that any exception to the mootness doctrine applies. Petitioner does not allege, and the record does not

suggest, that Petitioner's removal gives rise to any collateral consequences that are redressable by a favorable decision on the Petition. *See Spencer*, 523 U.S. at 14. Accordingly, because Petitioner is no longer detained and the Court cannot grant the relief sought in the Petition, no live case or controversy remains. The Petition is therefore moot and this Court lacks jurisdiction to consider it.

## IV.

## CONCLUSION

IT IS THEREFORE ORDERED THAT Judgment be entered DISMISSING this action WITHOUT PREJUDICE for lack of subject matter jurisdiction.

DATED: October 22, 2026

PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE